# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Richard Fredrick Ellsworth,

Petitioner,

v.

Ryan Thornell, et al.,

Respondents.

No. CV-23-08576-PCT-MTL (DMF)

**REPORT AND RECOMMENDATION and ORDER**

**TO THE HONORABLE MICHAEL T. LIBURDI, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure. (Doc. 4 at 5)[1]

On October 12, 2023, Petitioner Richard Fredrick Ellsworth ("Petitioner"), who is confined in the Arizona State Prison Complex in Florence, Arizona, filed a *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition"). (Doc. 1) On November 2, 2023, the Court ordered Respondents to answer the Petition. (Doc. 4 at 4) The Court's November 2, 2023, Order directed that:

> Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar,

---

[1] Citation to the record indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-23-08576-PCT-MTL (DMF).

or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims. The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim. If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(Doc. 4 at 4) On January 26, 2024, Respondents filed their Limited Answer to the Petition. (Doc. 9) On February 29, 2024, Petitioner filed a reply in support of the Petition. (Doc. 10)

On June 10, 2024, months after briefing ordered by the Court was closed, Petitioner filed a "Petition for Production of State Court Records" requesting that Respondent produce to Petitioner and the Court the entire certified state court record. (Doc. 12) Respondents filed a response in opposition. (Doc. 14) Petitioner did not file a reply, and the time to do so has expired. As discussed below, Petitioner's "Petition for Production of State Court Records" (Doc. 12) is without merit and will be denied.

For the reasons set forth below, all of the Petition claims are procedurally defaulted without excuse. Therefore, it is recommended that these proceedings be dismissed with prejudice, that the Clerk of Court be directed to terminate this matter, and that a certificate of appealability be denied.

## I. BACKGROUND

### A. Charges, Guilty Pleas, Sentences

On October 14, 2020, in Yavapai County Superior Court case number P1300CR202001227, a grand jury indicted Petitioner with three domestic violence crimes: one count of aggravated assault, one count of disorderly conduct, and one count of threatening or intimidating. (Doc. 9-1 at 9-10) On November 18, 2020, a grand jury issued a supervening indictment charging Petitioner with six domestic violence crimes: one count of attempt to commit first degree murder, a class 2 dangerous felony (count 1), one count of kidnapping, a class 2 dangerous felony (count 2), two counts of aggravated assault, each a class 3 dangerous felony (counts 3 and 4), and two counts of sexual assault, each a class 2 felony (counts 5 and 6). (*Id*. at 78-81) During pretrial proceedings through sentencing,

- 2 -

Petitioner was represented by counsel, first Clifford Hill and later Tyrone Mitchell ("trial counsel"). (*See id*. at 69, 76, 90, 98, 125, 145)

Petitioner's trial counsel Tyrone Mitchell moved to change venue due to "extensive media coverage" and to sever trial court proceedings regarding counts 1-4 from counts 5-6, asserting that graphic video evidence of the crimes charged in counts 5-6 was so prejudicial that Petitioner would not receive a fair jury trial on counts 1-4. (*Id*. at 90-102; *see also id*. at 104-13) On August 10, 2021, the superior court denied Petitioner's motion to change venue and motion to sever, finding that media coverage was not "extensive or outrageous" and that the charges against Petitioner were connected, involved a "continuous course of conduct[,]" and had overlapping evidence and elements of proof. (*Id*. at 115-17)

On August 17, 2021, Petitioner pleaded guilty to one count of attempt to commit second degree murder (count 1), and two counts of sexual assault (counts 5 and 6). (*Id*. at 119-25; Doc. 9-3 at 95-106) Petitioner initialed each page of the plea agreement and signed the plea agreement. (Doc. 9-1 at 119-25) The plea agreement provided that the remaining counts of the supervening indictment and any allegations of prior convictions would be dismissed. (*Id*. at 123) In the plea agreement, Petitioner avowed that he had one, and only one, prior felony conviction. (*Id*.)

During the change of plea hearing held on August 17, 2021, Petitioner orally affirmed that Petitioner had read the plea agreement, that Petitioner's trial counsel had explained to Petitioner what Petitioner did not understand in the plea agreement, that Petitioner had no questions about the plea agreement, that Petitioner understood the rights Petitioner was giving up by pleading guilty, and that no one had forced, threatened, or coerced Petitioner to plead guilty. (Doc. 9-3 at 98-99) During the plea colloquy, the superior court also reviewed the charges against Petitioner and the potential sentencing ranges for each charge. (*Id*. at 99-100) Petitioner pleaded guilty to counts 1, 5, and 6 of the supervening indictment and admitted factual bases placed on the record in open court. (*Id*. at 101-04) As part of the factual bases for the guilty pleas placed on the record, Petitioner specifically stated that he hit his wife, hurt his wife bad, struck his wife a number of times

making her unconscious, inflicted severe bruising and injuries on his wife, and made his wife and son do sexual things, specifically sexual intercourse orally. (*Id.*) Petitioner also stated his agreement that he had traumatized his wife and son and that the actions Petitioner took against his wife could have resulted in the death of his wife. (*Id.* at 104) Upon finding that Petitioner's guilty pleas were knowing, intelligent, and voluntary, the superior court accepted Petitioner's guilty pleas. (*Id.*)

At the sentencing hearing and based on agreement of the parties, the superior court excluded the prior felony conviction referenced in the plea agreement. (Doc. 9-3 at 115-17) On October 4, 2021, the superior court sentenced Petitioner to 21 years of imprisonment as to count 1; 14 years of imprisonment as to count 5, to run concurrently with Petitioner's sentence as to count 1; and 14 years of imprisonment as to count 6, to run consecutively to Petitioner's sentences as to counts 1 and 5, with 364 days of credit for time served. (Doc. 9-1 at 145-49) On October 5, 2021, Petitioner signed a "Notice of Rights After Sentencing (Non-Capital)" confirming his receipt of the notice, which included instructions on how to exercise his right to request post-conviction relief. (*Id.* at 151-53) The notice included references to the proper form for requesting post-conviction relief and the required timing. (*Id.*)

### B. Post-Conviction Relief ("PCR") Proceedings

On October 19, 2021, through trial counsel Tyrone Mitchell, Petitioner filed a one-sentence "Motion for Post-Conviction Relief" stating: "COMES NOW, Tyrone Mitchell, hereby enters his appearance on behalf of petitioner, Richard Ellsworth, respectfully request for Post-Conviction Relief." (Doc. 9-2 at 2-3) On October 25, 2021,[2] the superior court found that Petitioner's Motion for Post-Conviction Relief did not comply with Ariz. R. Crim. P. 33, found that Tyrone Mitchell had been withdrawn as attorney of record, and took no action "unless and until the Court has received [Petitioner's] request in-writing, in proper format in accordance with the Rules." (*Id.* at 5) The superior court ordered that

---

[2] The filing date is the operative date of the superior court's ruling. *See* Ariz. R. Crim. P. 1.10(c) (*see* former Ariz. R. Crim. P. 1.3(c)).

Petitioner's PCR notice must be filed within 90 days of entry of judgment and sentence. (*Id*.)

On November 4, 2021,[3] Petitioner filed a timely *pro se* PCR notice in the superior court and requested appointment of counsel. (*Id*. at 7-10) In his *pro se* PCR notice, Petitioner checked boxes that he intended to raise claims that the trial court did not have subject matter jurisdiction, that Petitioner's sentence was not authorized by law or by the plea agreement, that Petitioner will be in custody after his sentenced expired, that newly discovered material facts exist that probably would have changed the judgment or sentence, that the failure to file a timely PCR notice was not Petitioner's fault, that a significant change in the law would probably overturn Petitioner's judgment or sentence, and that clear and convincing evidence existed that no reasonable fact-finder would find Petitioner guilty beyond a reasonable doubt of the charges against him. (*Id*. at 9)

On November 30, 2021, the superior court ordered that the relevant portions of the record be prepared and provided to Petitioner's appointed PCR counsel and that Petitioner's appointed counsel would have 60 days from the completion of the record to file a PCR petition. (*Id*. at 12-13) On January 26, 2022, upon completion of the record, the superior court ordered that a PCR petition be filed within 60 days of the court's order. (*Id*. at 18, 20)

On March 22, 2022, appointed PCR counsel Adam Zickerman and Natalia Bergander ("PCR counsel") filed a Notice of Completion of review stating that they were unable to identify any colorable claims for relief. (*Id*. at 22-31; *see also id*. at 15-16) The Notice of Completion of review listed the materials reviewed by counsel, which included videos, photos, disclosures, case filings, and transcripts. (*Id.* at 26-27) The Notice of Completion of review also listed dates of correspondence with Petitioner, including a letter sent to Petitioner the day before the filing of the Notice of Completion which included a "copy of entire file." (*Id.* at 27-28)

---

[3] The prison mailbox rule applies to Petitioner's PCR notice. *Melville*, 68 F.4th at 1159 ("We assume that [Melville] 'turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule.' *Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam).").

On March 29, 2022, the superior court issued an order acknowledging receipt of and reporting review of the Notice of Completion, found that PCR counsel had reviewed the case pursuant to the applicable PCR rule, and granted Petitioner leave to file a *pro se* PCR petition within 45 days of the court's order. (*Id*. at 33) On May 12, 2022, upon Petitioner's request, the superior court granted Petitioner an additional 60-day extension to file his *pro se* PCR petition. (*Id*. at 35-36)

In June 2022, Petitioner filed a "Motion for Discovery, Rule 33.6(B)(1)" in which Petitioner requested discovery to support the claims he intended to raise in his *pro se* PCR petition. (*Id*. at 38-42) In July 2022, Petitioner filed a motion for an extension to file his *pro se* PCR petition because he had not received a ruling on his June 2022 discovery motion. (*Id*. at 44-46) On July 22, 2022, the superior court granted Petitioner a 45-day extension, or until August 26, 2022, to file a *pro se* PCR petition, but Petitioner did not do so. (*Id*. at 48, 50)

On September 14, 2022, the superior court found that Petitioner had not filed a *pro se* PCR petition and reported that the judge had searched the record for any basis for post-conviction relief. (*Id*. at 50) The superior court determined "that there are no claims presenting a material issue of fact or law which would entitle [Petitioner] to relief under Rule 32/Rule 33 and no purpose would be served by any further proceedings." (*Id*.) The superior court denied post-conviction relief. (*Id.*)

On September 30, 2022, the clerk of the superior court filed Petitioner's "Motion for Discovery Persuant [*sic*] to Rule 33.6(B)(1) Defendant Has Never Seen or Received Any Discovery, Persuant [*sic*] to <u>Brady</u>," which had been signed by Petitioner on August 8, 2022. (*Id*. at 52-68) On October 7, 2022, the superior court issued an order recounting that Petitioner's request for post-conviction relief was denied on September 14, 2022, and denying Petitioner's discovery motion. (*Id*. at 70)

In late October 2022, Petitioner filed a "Motion for Appeal and Sanctions for Judicial Misconduct, Prosecutorial Misconduct, Falsefying [*sic*] of Evidence, Perjury to the Court, Conflict of Interest, By Deputy County Attorney Yavapai County, Susan L.

Eazer" in the Arizona Court of Appeals. (*Id*. at 75-118) In the motion, Petitioner argued that the clerk of the Yavapai County Superior Court prevented his discovery motion from being timely filed; that Petitioner never received any discovery in violation of *Brady*; that the prosecutor in his case committed misconduct by erroneously informing the superior court that Petitioner had a prior felony conviction for aggravated sexual assault; and that the prosecutor withheld a lab report concerning Petitioner's blood tests. (*Id*. at 76-79) Petitioner asserted that he was overcharged and that his sentence was erroneously enhanced. (*Id*. at 79)

On November 7, 2022, the Arizona Court of Appeals construed Petitioner's October 31, 2022, filing as a petition for review of the superior court's denial of Petitioner's PCR proceedings. (*Id*. at 120-21) The court of appeals found that Petitioner's petition for review was untimely because it was not filed within 30 days of the superior court's September 14, 2022, order denying Petitioner's PCR proceedings. (*Id*.) The court of appeals dismissed Petitioner's petition for review without prejudice to Petitioner filing a motion to reinstate if the superior court extended the time for Petitioner to file a petition for review pursuant to Ariz. R. Crim. P. 32.16(a)(4) or 33.16(a)(4). (*Id*.) The record does not reflect that Petitioner requested an extension to file a petition for review or filed a motion to reinstate.

On December 14, 2022, Petitioner filed an "Appeal of Decision Dismissing Petition for Review, Due to the Court Being Given False Information That Defendant Never Filed his Rule 33.16(a)(4) Motion On Time" in the Arizona Court of Appeals. (*Id*. at 123-73) On December 20, 2022, the court of appeals construed Petitioner's December 14, 2022, filing as a motion for reconsideration and found that Petitioner had not timely filed his petition for review in the court of appeals. (*Id*. at 175-76) The court of appeals stated that it would take no action on Petitioner's motion for reconsideration but also stated that its order was without prejudice to Petitioner filing a motion to reinstate if the superior court granted Petitioner permission to file a late petition for review. (*Id*.) The record does not reflect that Petitioner requested permission to file a late petition for review.

On January 6, 2023, Petitioner filed an "Appeal of Decision to Dismiss Defendants

Rule 33.6(B)(1) Motion of Appeal Due to Not Being Filed on Time by Kent E. Cattani, Chief Judge" in the Arizona Supreme Court. (Doc. 9-3 at 4-63) On January 18, 2024, the Arizona Court of Appeals issued an order recounting that the cause number had been closed on December 15, 2022, but reinstating Petitioner's petition for review for the purpose of transferring documents to the Arizona Supreme Court for review. (*Id*. at 65) The Arizona Supreme Court treated Petitioner's "Appeal of Decision to Dismiss Defendants Rule 33.6(B)(1) Motion of Appeal Due to Not Being Filed on Time by Kent E. Cattani, Chief Judge" as a petition for review, and on April 10, 2023, denied such. (*Id*. at 67)

## II.    PETITIONER'S HABEAS CLAIMS

In his October 2023 Petition, Petitioner raises four grounds for relief. (Doc. 1) In Ground One, Petitioner asserts that his guilty plea was not knowing or intelligent. (*Id*. at 6) Petitioner argues that he was not advised as to the charges against him, that he did not see the plea agreement until the change of plea hearing, that his trial counsel did not advise him of his right to have the state prove Petitioner's prior convictions, that trial counsel did not advise Petitioner that no factual or legal basis supported the charges against Petitioner, and that Petitioner was told to sign the plea agreement or face the death penalty. (*Id*. at 22-23) Petitioner asserts that "counsel knew Petitioner would be required to lay the factual basis in his own words" and that doing so was "impossible" because Petitioner was innocent of the charges against him, aside from a charge of aggravated assault, and had expected to plead no contest. (*Id*.) In Ground Two, Petitioner asserts that "interference by state officials prevented Petitioner from presenting his constitutional claims to the state court." (*Id*. at 7) Petitioner argues that state officials withheld Petitioner's September 30, 2022, discovery motion and did not file the discovery motion until after the state court denied Petitioner's PCR proceedings. (*Id*. at 25) In Ground Three, Petitioner asserts that he is actually innocent of the charges against him except for the aggravated assault charge; Petitioner also asserts that he is also actually innocent of any prior convictions. (*Id*. at 8) Petitioner argues that no legal or factual basis supports the charges against Petitioner, aside from aggravated assault as charged in the original indictment against Petitioner. (*Id*.)

Petitioner asserts "that only one grand jury proceeding was filed – the original first indictment." (*Id*.) In Ground Four, Petitioner asserts that he was convicted and sentenced for crimes committed by another person and argues that his PCR counsel was ineffective as to this issue. (*Id*. at 9)

In their Limited Answer, Respondents argue that Petitioner has not stated a violation of federal law in any ground of the Petition. (Doc. 9 at 5-7) Respondents also argue that every ground of the Petition is procedurally defaulted without excuse. (*Id*. at 8-14) Respondents request that a certificate of appealability be denied. (*Id*. at 14-15)

In his reply, Petitioner argues that he was denied his Sixth Amendment right to effective assistance of counsel and that the deficiencies of his trial and PCR counsel violated Petitioner's due process rights. (Doc. 10 at 2) Petitioner asserts that he is mentally disabled and expected counsel to resolve aggravated assault charges "per domestic violence." (*Id*. at 3) Petitioner states that he did not intend to challenge the charges against him, but his trial counsel improperly filed a notice in the trial court that the state could not prove the elements of the charged offenses. (*Id*. at 3) Petitioner asserts that he was never advised of the state's allegation of four prior felony convictions, and that he was never advised that his neighbor was a witness for the state. (*Id*. at 3-4) Petitioner also argues that he did not understand the charges against him and the terms of the plea agreement, that he believed he was entering a no-contest plea, that trial counsel improperly agreed that grand jury proceedings could be referenced as part of the factual basis placed on the record during the plea colloquy, and that Petitioner was sentenced in part based on crimes committed in a case belonging to someone else. (*Id*. at 4-5) Petitioner further asserts that his PCR counsel possessed record evidence that would support Petitioner's PCR petition, that PCR counsel's notice of no colorable claims was insufficient, and that he was unable to obtain discovery for a PCR petition. (*Id*. at 6-7) Petitioner argues that "[t]he absence of, or the ineffectiveness of, state PCR remedies overcomes the requirements of the exhaustion of state remedies rule" because state officials' interference caused Petitioner's PCR proceedings to be denied. (*Id*. at 7-8) Petitioner argues that he "could not have been

expected to comply" with state procedural rules, was unable to obtain evidence to support his federal claims, "complied with the rules as best he could[,]" and is not at fault for his inability to present his claims for relief. (*Id.* at 8-9)

## III.    PROCEDURAL DEFAULT

In their Limited Answer to the Petition, Respondents assert that all the Petition's claims, Grounds One through Four of the Petition, are procedurally defaulted without excuse. (Doc. 9 at 8-14) As discussed below, Respondents are correct.

### A.  Legal Framework of Procedural Default

#### 1.  Exhaustion

A state prisoner must properly exhaust all state court remedies before this Court may grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *See Swoopes*, 196 F.3d at 1010; *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *Castillo v. McFadden*, 399 F.3d 993, 998 & n.3 (9th Cir. 2005). Fair presentment of claims to the Arizona Court of Appeals requires a description of "both the operative facts and the federal legal theory on which [a] claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the

facts bearing upon [the] constitutional claim." *McFadden*, 399 F.3d at 999 (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003)).

It is not fair presentment, for example, that "all the facts necessary to support the federal claim were before the state courts … or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (internal citation omitted). It is also not enough to rely on a "general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." *Netherland*, 518 U.S. at 163; *see also McFadden*, 399 F.3d at 1002-03 (finding habeas petitioner did not give the state appellate court a fair opportunity to rule on a federal due process claim because "[e]xhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory," and the petitioner's claim in state court was a "conclusory, scattershot citation of federal constitutional provisions, divorced from any articulated federal legal theory").

Fair presentment is not achieved by raising the claim for "the first and only time in a procedural context in which its merits will not be considered," unless there are special circumstances. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). As example, raising a claim for the first time in a discretionary petition for review to the Arizona Supreme Court or in a special action petition is not sufficient to achieve fair presentment. *See Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) ("Because we conclude that Casey raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them.") (footnote omitted).

### 2. *Procedural Default*

A corollary to the exhaustion requirement is the "procedural default doctrine." The procedural default doctrine limits a petitioner from proceeding in federal court where his claim is procedurally barred in state court and "has its roots in the general principle that federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds." *Dretke v. Haley*, 541 U.S. 386, 392 (2004). If a petitioner fails to fairly present his claim to the state courts in a procedurally appropriate manner, the

claim is procedurally defaulted and generally barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991). There are two categories of procedural default.

First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. This is called an express procedural bar. An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989); *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule).

Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. *See Harris*, 489 U.S. at 264 n.10 ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing *Harris*, 489 U.S. at 264 n.10).

Second, the claim may be procedurally defaulted if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *Boerckel*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to

state court results in a procedural default of those claims); *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (failure to exhaust claims in state court resulted in procedural default of claims for federal habeas purposes when state's rules for filing petition for post-conviction relief barred petitioner from returning to state court to exhaust his claims). This is called an implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). This type of procedural default is often referred to as "technical" exhaustion because although the claim was not actually exhausted in state court, Petitioner no longer has an available state remedy. *Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").

In Arizona, claims not properly presented to the state courts are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive petition is permitted. *See* Ariz. R. Crim. P. 33.4(b)(3) (time bar); Ariz. R. Crim. P. 33.1(b) through (h) and 33.2(b) (permitting successive PCR proceedings on certain grounds and specified circumstances); 33.16(a)(1) (petition for review must be filed within thirty days of trial court's decision).

Arizona courts have consistently applied Arizona's procedural rules to bar further review of claims that were not properly raised on direct appeal or in prior post-conviction proceedings. *See, e.g., Stewart*, 536 U.S. at 860 (determinations made under Arizona's procedural default rule are "independent" of federal law); *Smith v. Stewart*, 241 F.3d 1191, 1195 n.2 (9th Cir. 2000) ("We have held that Arizona's procedural default rule is regularly followed [or "adequate"] in several cases.") (citations omitted), *rev'd on other grounds, Stewart*, 536 U.S. 856; *State v. Mata*, 185 Ariz. 319, 334-36, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings). A petitioner who fails to follow a state's procedural requirements for presenting a valid claim deprives the state court of an opportunity to address the claim in much the same manner as a petitioner who completely fails to attempt to exhaust his state remedies. In Arizona,

"ineffective assistance of counsel claims should be raised in post-conviction relief proceedings pursuant to rule 32, Arizona Rules of Criminal Procedure." *Lambright v. Stewart*, 241 F.3d 1201, 1203 (9th Cir. 2001) (quoting *State v. Atwood*, 171 Ariz. 576 (1992)) (finding that failure to raise ineffective assistance of counsel claims on direct appeal did not bar federal habeas review).[4]

### 3. Excuse for Procedural Default

The Court may review a procedurally defaulted claim if the petitioner can demonstrate either: (1) cause for the default and actual prejudice to excuse the default, or (2) a miscarriage of justice/actual innocence. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). "Cause" is something that "cannot be fairly attributable" to a petitioner, and a petitioner must show that this "objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (citation and internal quotation marks omitted). To establish prejudice a "habeas petitioner must show 'not merely that the errors at ... trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Murray*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). "Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial." *Id.*

The miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that

---

[4] Effective January 1, 2020, former Arizona Rules of Criminal Procedure ("Rules") 32 and 33 were abrogated, and new Rules 32 and 33 were adopted. *See* Arizona Supreme Court Order No. R-19-0012. As a general matter, the substance of former Rule 32 was divided among the two new rules based on whether a defendant was convicted at trial (new Rule 32) or had pled guilty or no contest (new Rule 33). *See id.*; Pet. to Amend (Jan. 10, 2019), at 4-5. New Rule 32 thus encompasses the rules applicable to a defendant's right to seek post-conviction relief when the defendant is convicted by trial. New Rule 32 and new Rule 33 apply to "all actions filed on or after January 1, 2020," and to "all other actions pending on January 1, 2020, except to the extent that the court in an affected action determines that applying the rule or amendment would be infeasible or work an injustice, in which event the former rule or procedure applies." Arizona Supreme Court Order No. R-19-0012.

the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original). To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998); *Jaramillo*, 340 F.3d at 882-83. Significantly, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. *See also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011); *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (explaining the significance of an "[u]nexplained delay in presenting new evidence"). A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327)). Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).

### B. Exhaustion

#### 1. Ground One

In Ground One of the Petition, Petitioner asserts that his guilty plea was not knowing or intelligent. (Doc. 1 at 6) Petitioner argues that he was not advised as to the charges against him, that he did not see the plea agreement until the change of plea hearing, that his trial counsel did not advise him of his right to have the state prove Petitioner's prior convictions, that trial counsel did not advise Petitioner that no factual or legal basis supported the charges against Petitioner, and that Petitioner was told to sign the plea agreement or face the death penalty. (*Id*. at 22-23) Petitioner asserts that "counsel knew Petitioner would be required to lay the factual basis in his own words" and that doing so was "impossible" because Petitioner was innocent of the charges against him, aside from a charge of aggravated assault, and expected to plead no contest. (*Id*.)

Petitioner did not raise his Ground One claim in his *pro se* PCR notice in the superior

court and did not file a PCR petition in the superior court during his PCR proceedings. (*See* Doc. 9-2 at 7-10, 50) Petitioner did not raise his Ground One claim in his "Motion for Appeal and Sanctions for Judicial Misconduct, Prosecutorial Misconduct, Falsefying [*sic*] of Evidence, Perjury to the Court, Conflict of Interest, By Deputy County Attorney Yavapai County, Susan L. Eazer," construed by the Arizona Court of Appeals as a petition for review. Further, the Arizona Court of Appeals specifically found that Petitioner had not filed a timely petition to review of the superior court's denial of post-conviction relief. Because Petitioner did not fairly (or at all) present his Ground One claim to the state courts during his PCR proceedings, where he was required to raise such, Petitioner's Ground One claim is unexhausted. *Swoopes*, 196 F.3d at 1010.

        *2. Ground Two*

In Ground Two of the Petition, Petitioner asserts that "interference by state officials prevented Petitioner from presenting his constitutional claims to the state court." (Doc. 1 at 7) Petitioner argues that state officials withheld Petitioner's discovery motion signed August 8, 2022, and did not file the discovery motion until September 30, 2022, after the state court denied Petitioner's PCR proceedings. (*Id*. at 25)

Petitioner did not raise his Ground Two claim in his *pro se* PCR notice in the superior court and did not file a PCR petition in the superior court during his PCR proceedings. (Doc. 9-2 at 50) Petitioner did assert in his "Motion for Appeal and Sanctions for Judicial Misconduct, Prosecutorial Misconduct, Falsefying [*sic*] of Evidence, Perjury to the Court, Conflict of Interest, By Deputy County Attorney Yavapai County, Susan L. Eazer," construed by the Arizona Court of Appeals as a petition for review, that the clerk of the Yavapai County Superior Court did not file Petitioner's discovery motion until September 30, 2022. (Doc. 9-2 at 76-77) However, Petitioner did not present a federal constitutional or legal basis for his Ground Two claim in his petition for review. *McFadden*, 399 F.3d at 999. Further, the Arizona Court of Appeals specifically found that Petitioner had not filed a timely petition to review of the superior court's denial of post-conviction relief. Because Petitioner did not present his Ground Two claim to the state

courts in a procedurally appropriate manner, Petitioner's Ground Two claim is unexhausted. *O'Sullivan*, 526 U.S. at 843-45; *Swoopes*, 196 F.3d at 1010.

### 3. Ground Three

In Ground Three of the Petition, Petitioner asserts that he is actually innocent of all the charges for which he was convicted, aside from an aggravated assault charge, and asserts that he is also actually innocent of prior convictions. (Doc. 1 at 8) Petitioner argues that no legal or factual basis supports the charges against Petitioner except for the aggravated assault as charged in the original indictment against Petitioner. (*Id.*) Petitioner asserts "that only one grand jury proceeding was filed – the original first indictment." (*Id.*)

Petitioner did not raise his Ground Three claim in his *pro se* PCR notice in the superior court and did not file a PCR petition in the superior court during his PCR proceedings. (Doc. 9-2 at 7-10, 50) In his "Motion for Appeal and Sanctions for Judicial Misconduct, Prosecutorial Misconduct, Falsefying [*sic*] of Evidence, Perjury to the Court, Conflict of Interest, By Deputy County Attorney Yavapai County, Susan L. Eazer," construed by the Arizona Court of Appeals as a petition for review, Petitioner asserted that the prosecutor erroneously stated that Petitioner had a prior conviction and Petitioner asserted that Petitioner was charged with a crime he did not commit. (*Id.* at 77-79) Petitioner did not present his Ground Three claim to the superior court during his state court PCR proceedings, where he was required to raise such. *O'Sullivan*, 526 U.S. at 843-45; *Swoopes*, 196 F.3d at 1010. Petitioner did not assert a federal constitutional or legal basis for his Ground Three claim of actual innocence in his petition for review. *McFadden*, 399 F.3d at 999. Further, the Arizona Court of Appeals specifically found that Petitioner had not filed a timely petition to review of the superior court's denial of post-conviction relief. Because Petitioner did not fairly present his Ground Three claim to the state courts in a procedurally appropriate manner, Petitioner's Ground Three claim is unexhausted.

### 4. Ground Four

In Ground Four of the Petition, Petitioner asserts that he was convicted and sentenced for crimes committed by another person and argues that his PCR counsel was

ineffective as to this issue. (Doc. 1 at 9)

Petitioner did not raise his Ground Four claim in his *pro se* PCR notice in the superior court and did not file a PCR petition in the superior court during his PCR proceedings. (Doc. 9-2 at 7-10, 50) In his "Motion for Appeal and Sanctions for Judicial Misconduct, Prosecutorial Misconduct, Falsefying [*sic*] of Evidence, Perjury to the Court, Conflict of Interest, By Deputy County Attorney Yavapai County, Susan L. Eazer," construed by the Arizona Court of Appeals as a petition for review, Petitioner did not argue that his PCR counsel was ineffective for failing to raise a claim that Petitioner was convicted and sentenced for crimes Petitioner did not commit. (*Id*. at 79) Further, the Arizona Court of Appeals specifically found that Petitioner had not filed a timely petition to review of the superior court's denial of post-conviction relief. Because Petitioner did not fairly (or at all) present his Ground Four claim to the state courts during his PCR proceedings, where he was required to raise such, Petitioner's Ground Four claim is unexhausted. *Swoopes*, 196 F.3d at 1010.

### C. Grounds One through Four Are Procedurally Defaulted

As set forth above, Grounds One through Four of the Petition are unexhausted. Grounds One and Four of the Petition are implicitly procedurally defaulted because it is too late under Arizona procedure for Petitioner to return to state court to properly exhaust such claims. *See* Ariz. R. Crim. P. 33.2(a)(3)[5] (a defendant is precluded from relief pursuant to Rule 33.1(a) that was waived in a previous PCR petition); Ariz. R. Crim. P. 33.4(b)(3)(A) (claims filed pursuant to Rule 33.1(a) must be filed within 90 days after oral pronouncement of sentence); Ariz. R. Crim. P. 33.7(a) (*pro se* PCR petition must be filed

---

[5] Arizona Rule of Criminal Procedure 33.2(a)(3) provides that PCR relief is precluded on any claim "waived at trial or on appeal, or in any previous post-conviction proceeding, *except when the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant*." (emphasis supplied). The italicized language was added to the rules in January 2020, but even under the prior rule, Arizona courts limited an exception to preclusion only in circumstances where "an asserted claim is of sufficient constitutional magnitude." *Stewart v. Smith*, 202 Ariz. 446, 449 (2002). The Arizona Supreme Court has instructed that examples encompassed by this phrase include the right to counsel, the right to a jury trial, and the right to a twelve-person jury. *See id.* Petitioner's Grounds One and Four do not allege a violation of a constitutional right that can only be waived knowingly, voluntarily, or personally by a defendant.

within 60 days after PCR notice filing, but allowing extensions); Ariz. R. Crim. P. 33.1(b)-(h), 33.2(b)(1), 33.4(b)(3)(B) (allowing a defendant to assert claims identified in Rule 33.1(b) through (h) "within a reasonable time after discovering the basis for the claim"). Petitioner does not argue that he is able to return to state court to exhaust his unexhausted Grounds One and Four claims, nor does the record support such an argument.

In addition, Petitioner's Grounds Two and Three claims are expressly procedurally defaulted because the court of appeals applied a plain procedural bar. (Doc. 9-2 at 120-21) In Petitioner's PCR proceedings, the court of appeals determined that Petitioner had not filed a timely petition for review within 30 days of the superior court's final decision denying post-conviction relief as required by Ariz. R. Crim. P. 33.16(a)(1). (*Id.*) Ariz. R. Crim. P. 33.16 (formerly Ariz. R. Crim. P. 32.9) is "both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris*, 489 U.S. at 260; *Stewart*, 536 U.S. at 859-60 (Arizona's Rule 32 determinations are independent of federal law because they do not require evaluation of federal constitutional ruling); *Stewart*, 241 F.3d at 1195 n.2 (finding that "Arizona's procedural default rule is regularly followed"); *see also Pinzon v. Ryan*, 2015 WL 11071468, at *5-6 (D. Ariz. Sept. 22, 2015) (finding Ariz. R. Crim. P. 32.9 independent and adequate).

Accordingly, Grounds One through Four of the Petition are unexhausted and procedurally defaulted.

**D. Petitioner Fails to Establish Cause and Prejudice or Miscarriage of Justice/Actual Innocence to Excuse the Procedural Default of Grounds One through Four**

To excuse the procedural defaults of the Petition claims, Grounds One through Four, Petitioner bears the burden of establishing either: (1) both cause and actual prejudice, or (2) a miscarriage of justice/actual innocence. *Coleman*, 501 U.S. at 750.

*1. Cause and Prejudice*

In his reply in support of the Petition, Petitioner asserts that he is mentally impaired and that his appointed PCR counsel "[left] his mentally-disabled client to defend himself

- 19 -

pro per." (Doc. 10 at 5) Petitioner asserts that he sought extensions of time to file his PCR petition, was unable to obtain needed discovery from his PCR counsel to support claims in a PCR petition, and that the PCR process was ineffective such that Petitioner may overcome lack of exhaustion and procedural default of his habeas claims. (*Id*. at 6-8) Petition asserts both that "the Supreme Court has refused to recognize state procedural rules with which the petition could not have been expected to comply" and that "he complied with the rules as best as he could." (*Id*. at 8-9)

"A pro se petitioner's mental condition cannot serve as cause for a procedural default, at least when the petitioner on his own or with assistance remains 'able to apply for post-conviction relief to a state court.'" *Schneider v. McDaniel*, 674 F.3d 1144, 1154 (9th Cir. 2012) (quoting *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986)). A petitioner may demonstrate cause "where a mental condition rendered the petitioner completely unable to comply with a state's procedures and he had no assistance[,]" but a petitioner cannot show cause to excuse procedural default "where a mental defect had less of an adverse effect on the petitioner's ability to comply with state procedures than illiteracy would have had." *Id*. (citing *Hughes*, 800 F.2d at 909, and *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988)).

In his Petition and reply in support, Petitioner does not explain how his mental impairments rendered him completely unable to comply with state procedural rules and exhaust his Petition claims in state court PCR proceedings. Petitioner also does not assert in his Petition or reply in support that someone else completed Plaintiff's filings for him. Instead, the record reflects that Petitioner made multiple filings in the state courts during his PCR proceedings, including a timely *pro se* PCR notice. (*See* Doc. 9-2 at 7-10, 35-36, 38-46, 52-68, 75-118, 123-73; Doc. 9-3 at 4-63) Petitioner's filings in his state court PCR proceedings and in this matter do not reflect that Petitioner was unable to comprehend the nature of his filings and his claims. To the contrary, Petitioner's filings demonstrate Petitioner's ability to write clearly, articulate his arguments, and discuss factual matters underlying his claims. Petitioner understood the need to file a PCR petition in the superior

court, and Petitioner requested and was granted extensions to do so. (Doc. 9-2 at 35-36, 44-48) Petitioner nevertheless did not file a PCR petition and sought no additional extensions to file a *pro se* PCR petition. (*See id*. at 50) Even if Petitioner sought assistance for his PCR filings, Petitioner details no actions that he took to ensure that someone assisting him filed a PCR petition in the superior court and exhausted his claims in his state court PCR proceedings. As such, Petitioner has not shown sufficient cause to excuse his procedural default of the Petition claims in state court PCR proceedings.

Petitioner also argues that he was unable to obtain discovery for his PCR petition and that interference by state court officials caused the superior court to deny Petitioner's PCR proceedings. (Doc. 1 at 25; Doc. 10 at 6-9) Petitioner asserts that he did not possess the state court record to which he could cite and was unable to comply with Ariz. R. Crim. P. 33.7(b), requiring citation to the relevant portions of the record and legal authorities. (*Id*.) Aside from Petitioner's motions for discovery in the superior court during his PCR proceedings, Petitioner details no actions he took to obtain the requested discovery, nor does the record reflect that Petitioner requested any additional extensions to obtain the requested discovery and file his PCR petition. Petitioner asserts that he did not receive a copy of the superior court's order denying his first June 24, 2022, motion for discovery. Petitioner asserts that he believed his June 2022 motion for discovery was still pending, yet Petitioner filed a second motion for discovery on September 30, 2022, instead of requesting the status of his first motion. Further, Petitioner argues that the superior court clerk held onto his September 30, 2022, second discovery motion, returned the second discovery motion to Petitioner on September 16, 2022, and instructed Petitioner to refile the second discovery motion. (Doc. 10 at 7) The record, including the superior court docket, does not reflect a September 16, 2022, order from the superior court instructing Petitioner to refile his second discovery motion following the denial of his PCR proceedings. (*See* Doc. 9-1 at 4-7) Petitioner does not explain why he did not inquire as to the status of his second discovery motion prior to the superior court filing his motion on September 30, 2022.

In sum, Petitioner has not shown that any objective factor external to Petitioner prevented him from properly raising his Grounds One through Four claims in the state courts. *Coleman*, 501 U.S. at 753. Moreover, Petitioner has not shown that he suffered prejudice or that any alleged constitutional violation "worked to his *actual* and substantial disadvantage[.]" *Frady*, 456 U.S. at 170.

Accordingly, Petitioner has not established cause and prejudice to excuse his procedural default of Grounds One through Four of the Petition.

### 2. *Miscarriage of Justice/Actual Innocence*

As set forth above, the miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson*, 541 F.3d at 937. To meet this exception to procedural default, Petitioner must "support his allegations of constitutional error with new reliable evidence[,]" *Schlup*, 513 U.S. at 324, and "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327). Petitioner has not done so. And based on Petitioner's own statements at his change of plea hearing, it is not surprising that Petitioner has not done so.

To his Petition, Petitioner attached a transcript of the August 17, 2021, change of plea colloquy (Doc. 1 at 29-40); a transcript of the October 4, 2021, sentencing hearing (*Id.* at 42-78); excerpts from a transcript of the October 14, 2020, grand jury proceeding (*Id.* at 80-85); a summary of Petitioner's prior convictions prepared by the Yavapai County Attorney's Office on October 12, 2020 (*Id.* at 87); an October 6, 2020, supplemental narrative by Detective D. Franklin regarding the search warrant for Petitioner's home (*Id.* at 88); a case summary for Case No. 219-2002-CR-00661, State v. Richard J. A/K/A Ricky Ellsworth, in Strafford Superior Court (*Id.* at 90-96); the October 4, 2021, judgment of guilt and sentence in Yavapai County Superior Court case number P1300CR202001227 (*Id.* at 98-102); the superior court's March 29, 2022, order granting Petitioner leave to file a *pro se* PCR petition (*Id.* at 104); Petitioner's "Motion for Discovery Persuant [*sic*] to Rule

33.6(B)(1) Defendant Has Never Seen or Received Any Discovery, Persuant [*sic*] to Brady[,]" signed August 8, 2022, and filed in the superior court on September 30, 2022 (*Id*. at 106-12); an Arizona Department of Corrections Rehabilitation & Reentry outgoing legal log for August 9, 2022 (*Id*. at 114-15); the November 18, 2020, supervening indictment in Yavapai County Superior Court case number P1300CR202001227 (*Id*. at 117-20); an undated excerpt from the state's response to Petitioner's "Motion for Discovery Persuant [*sic*] to Rule 33.6(B)(1) Defendant Has Never Seen or Received Any Discovery, Persuant [*sic*] to Brady" (*Id*. at 122-23); the initial October 14, 2020, indictment in Yavapai County Superior Court case number P1300CR202001227 (*Id*. at 125-26); Petitioner's October 2022 "Motion for Appeal and Sanctions For Judicial Misconduct , Prosecutorial Misconduct, Falsefying [*sic*] of Evidence, Perjury to the Court, Conflict of Interest, by Deputy County Attorney Yavapai County, Susan L. Eazer" (*Id*. at 128-35); the Arizona Court of Appeals' November 7, 2022, order dismissing Petitioner's untimely petition for review of the superior court's decision in Petitioner's PCR proceedings (*Id*. at 137-38); Petitioner's January 2023 "Appeal of Decision to Dismiss Defendants Rule 33.6(B)(1) Motion of Appeal Due to Not Being Filed on Time by Kent E. Cattani, Chief Judge" in the Arizona Supreme Court (*Id*. at 140-47); the Arizona Supreme Court's April 10, 2023, order denying Petitioner's "Appeal of Decision to Dismiss Defendants Rule 33.6(B)(1) Motion of Appeal Due to Not Being Filed on Time by Kent E. Cattani, Chief Judge" (*Id*. at 149); and Petitioner's plea agreement in Yavapai County Superior Court case number P1300CR202001227 (*Id*. at 151-57). Petitioner included no additional attachments to his reply in support of the Petition.

In Ground Three of the Petition, Petitioner asserts that he is actually innocent of his prior convictions and all the charges of conviction except Petitioner admits he is guilty of "the initial aggravated assault charge." (Doc. 1 at 8) In Ground Four of the Petition, Petitioner asserts that he was convicted and sentenced for crimes committed by another person in another case. (*Id*. at 9) Petitioner does not present any "new reliable evidence" that he is factually innocent of the crimes of conviction. *Schlup*, 513 U.S. at 324. Petitioner

plead guilty to the crimes of conviction and agreed to factual bases of the guilty pleas during his change of plea colloquy. (Doc. 9-1 at 119-25) Further, during Petitioner's sentencing hearing, the parties stipulated and the superior court agreed that any alleged or previously stated prior convictions would not be considered. (Doc. 9-3 at 115-17) Petitioner initialed each page of the plea agreement, signed the plea agreement, and stated at the change of plea hearing that he had read and understood the plea agreement with the assistance of trial counsel. (Doc. 9-1 at 119-25; Doc. 9-3 at 98) Even now, Petitioner admits he is guilty of aggravated assault as charged in the initial indictment. (Doc. 1 at 8)

Petitioner has not met his burden to establish actual innocence that would excuse his procedural default of any of the Petition claims. Accordingly, dismissal with prejudice of all of the Petition claims, Grounds One through Four, is appropriate.

## IV.    PETITIONER'S PETITION FOR PRODUCTION OF STATE COURT RECORDS (Doc. 12)

On June 10, 2024, Petitioner filed a "Petition for Production of State Court Records[,]" in which Petitioner requests that Respondents produce to Petitioner and the Court the entire certified state court record, or, alternatively, transcripts of all proceedings whether transcribed or not. (Doc. 12)[6]

Noteworthy to Petitioner's filing is that Respondents provided this Court and Petitioner with the transcripts of the 5/18/2021 motion on counsel hearing, the 8/17/2021 change of plea hearing, and the 10/4/2021 sentencing hearing. (Doc. 9 at 19; Doc. 9-1 at 2) The only available transcripts not provided by Respondents were from the following proceedings, all of which preceded the change of plea hearing: 3/5/2021 pretrial conference, the 5/10/2021 hearing to determine counsel, and the 6/4/2021 pretrial conference. (Doc. 9 at 18)[7] Further, a significant portion of the state court record was

[6] This is a pretrial matter within undersigned's authority to rule by Order. *See* LRCiv 72.2; Doc. 4 at 5.

[7] The following proceedings were recorded but not transcribed: 10/14/2020 grand jury; 10/19/2020 arraignment; 10/26/2020 hearing on motion to hold Petitioner non-bondable; 11/18/2020 grand jury; 11/30/2020 arraignment; 4/16/2021 settlement conference; and 7/23/2021 status conference. (Doc. 9 at 17) All of these proceedings preceded the change of plea hearing.

provided by Respondents with their Limited Answer. (Doc. 9 at 18-19)[8]

In his "Petition for Production of State Court Records[,]" Petitioner generally asserts that additional state court records not provided with Respondents' Limited Answer are necessary for Petitioner to rebut Respondents' affirmative defenses, to provide Petitioner with a "full and fair opportunity" to demonstrate actual innocence, to "prepare and brief any arguments for discovery and expansion of the record," and to assist this Court in its analysis of Petitioner's claims. (*Id*. at 1-5)[9]

Respondents argue that Petitioner is not entitled to discovery in habeas proceedings and that Petitioner has not shown good cause for his requests. (Doc. 14 at 2-4) Respondents accurately state that "nowhere under the rules governing AEDPA cases are Respondents obligated to produce all of a state-court record, especially those portions of the record not currently in their possession." (*Id.* at 3) Respondents assert that the record attached to their Limited Answer complies with Rule 5(c) of the Rules Governing § 2254 Cases and the Court's November 2, 2023, Order that "[i]f the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer." (*Id*. at 3-4)

Rule 5(c) of the Rules Governing § 2254 Cases states:

> **(c) Contents: Transcripts.** The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

---

[8] Also noteworthy is that Petitioner's PCR counsel reviewed case materials including videos, photos, disclosures, case filings, and transcripts. (Doc. 9-2 at 26-27) PCR counsel's Notice of Completion of review filed with the superior court listed dates of PCR counsel's correspondence with Petitioner, including a letter sent to Petitioner the day before the filing of the Notice of Completion which included a "copy of entire file." (*Id.* at 27-28)

[9] Petitioner did not file a reply, and the time to do so has expired. In any event, a reply is not necessary and would not be helpful for the Court to rule given the deficiencies in the "Petition for Production of State Court Records[.]"

Further, Rule 5(d) of the Rules Governing § 2254 Cases states that the respondent must also file with the answer a copy of:

> **(1)** any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
>
> **(2)** any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
>
> **(3)** the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

Also, Rule 7(a) of the Rules Governing § 2254 Cases that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition" and "[t]he judge may require that these materials be authenticated."

Regarding discovery in habeas proceedings, a "petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The availability of discovery in habeas proceedings is within the Court's discretion and is governed by Rule 6 of the Rules Governing Section 2254 Cases. *Id*. at 907-09; *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999). Rule 6 of the Rules Governing Section 2254 Cases provides:

> **(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Good cause may exist "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief[.]'" *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286 at 300)). However, "[j]ust as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, neither do they provide a basis for imposing

upon the state the burden of responding in discovery to every habeas petitioner who wishes to seek such discovery." *Earp v. Davis*, 881 F.3d 1135, 1142-43 (9th Cir. 2018) (internal citations omitted).

Respondents complied with the applicable rules and Court Order regarding the record portions provided. Petitioner's conclusory assertions in his "Petition for Production of State Court Records" do not demonstrate good cause or adequate basis for his requests. As discussed *supra*, all of the Petition's claims are procedurally defaulted without excuse. Petitioner does not explain, nor is it evident, how the requested categories of materials would rebut Respondents' affirmative defense that the Petition claims are procedurally defaulted without excuse.

Accordingly, Petitioner's "Petition for Production of State Court Records" (Doc. 12) is without merit. It is within undersigned's authority to issue an Order regarding Petitioner's "Petition for Production of State Court Records" (Doc. 12). *See* LRCiv 72.2; Doc. 4 at 5.  Petitioner's "Petition for Production of State Court Records" (Doc. 12) will be denied.

## V.    CONCLUSION

For the reasons set forth above, Petitioner's "Petition for Production of State Court Records" (Doc. 12) is without merit and will be denied.

As discussed above, all the grounds of the Petition, Grounds One through Four, are procedurally defaulted without excuse. Therefore, there is no need to reach Respondents' arguments that Petitioner has not stated a violation of federal law in any ground of the Petition. Given the procedural default without excuse of all the claims, it is recommended that the Petition be dismissed with prejudice and that the Clerk of Court be directed to terminate this matter.

Assuming the recommendations herein are followed in the District Judge's judgment, the undersigned recommends that a certificate of appealability be denied because dismissal is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 484 (2000).

Accordingly,

**IT IS ORDERED** that Petitioner's "Petition for Production of State Court Records" (Doc. 12) is hereby denied.

**IT IS RECOMMENDED** that Richard Fredrick Ellsworth's Petition Under 28 U.S.C § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1) be dismissed with prejudice and that the Clerk of Court be directed to terminate this matter.

**IT IS RECOMMENDED** that a Certificate of Appealability be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 12th day of July, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

- 28 -