**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Fredrick Ellsworth,<br><br>Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>Respondents. | No. CV-23-08576-PCT-MTL<br><br>**ORDER** |

Petitioner Richard Fredrick Ellsworth ("Petitioner") pleaded guilty to one count of attempt to commit second degree murder and two counts of sexual assault. (Doc. 17 at 3.) An Arizona Superior Court sentenced him to incarceration totaling 35 years, with a 364-day credit for time served. (*Id.* at 4.) Petitioner then submitted his Petition for Writ of Habeas Corpus (the "Petition"). (Doc. 1.) Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R"), recommending the Petition be dismissed with prejudice and that a Certificate of Appealability be denied. (Doc. 17.) In response, Petitioner filed his Objections to the R&R. (Docs. 23, 25.)[1]

**I.   BACKGROUND**

The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 17 at 2-8.) Neither party has objected to this

---

[1] Petitioner submitted two sets of objections to the R&R. (Docs. 23, 25.) While seemingly identical, the first set omits page number five, which Petitioner includes in the second set. The second set fails to comply with LRCiv 5.4 or include Petitioner's signature. (*Id.*) Because the Ninth Circuit "afford[s] leeway to pro se parties, who appear without counsel and without the benefit of sophisticated representation," however, the Court considers Petitioner's objections in full. *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023).

portion of the R&R, and the Court hereby accepts and adopts it.[2] *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)).

Petitioner asserts four grounds for relief in his Petition, arguing:

> (I) his guilty plea was not knowing or intelligent;
>
> (II) interference by state officials prevented him from presenting his constitutional claims to the state court;
>
> (III) he is actually innocent of the charges against him except for the aggravated assault charge; and
>
> (IV) he was convicted and sentenced for crimes committed by another person and argues that his post-conviction relief ("PCR") counsel was ineffective as to this issue.

(*Id.* at 8-10 (citing Doc. 1 at 6-9).) The R&R rejected all four grounds as procedurally defaulted without excuse. (*Id.* at 10, 18.) Further, the R&R found Grounds II and III were "expressly procedurally defaulted because the court of appeals applied a plain procedural bar." (*Id.* at 19.)

Petitioner presents, what the Court construes as, four objections to the R&R. (Doc. 25.) To begin, Petitioner generally argues he was "deprived of his right to present his federal claims to the state court." (*Id.* at 1.) Petitioner asserts he was "deprived of due process by prosecutorial misconduct, incompetent or ineffective defense lawyers, and interference by state officials," and the "magistrate's findings omit certain, obvious errors that no reasonable lawyer or reviewer should have overlooked." (*Id.* at 7.) Petitioner also objects to the R&R's finding that Grounds I-IV are procedurally defaulted. (*Id.* at 3-4.) In support, Petitioner contends "he was not required to disclose specific grounds for relief until the petition [was] filed." (*Id.* at 3.) Finally, Petitioner argues he established cause and prejudice, or in the alternative, actual innocence to excuse procedural default on Grounds I-IV. (*Id.* at 4-7.)

---

[2] Throughout his brief, Petitioner generally objects to the "Magistrate Judge's Factual Determinations," (Doc. 25 at 1) but he does not identify which factual or procedural findings are deficient. Thus, this general objection is deemed as no objection. *See Augustiniak v. Ryan*, No. CV-18-03977, 2020 WL 1685556, at *2 (D. Ariz. Apr. 7, 2020).

## II. LEGAL STANDARDS

### A. Standard of Review

In reviewing an R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Ramos*, 65 F.4th at 433 (citing *Reyna-Tapia*, 328 F.3d at 1121) (emphasis in original); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (finding that district courts need not conduct "any review at all . . . of any issue that is not the subject of an objection").

### B. Exhaustion

This habeas petition is governed by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which requires petitioners to exhaust the remedies available in state court before pursuing relief in federal court. 28 U.S.C. § 2254(b)(1)(A). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A petitioner has not exhausted a claim "if he has the right under the law of the State to raise, by any available procedure, the question presented" in state court. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing 28 U.S.C. § 2254(c)); *see also Kipp v. Davis*, 971 F.3d 939, 947 n.4 (9th Cir. 2020). "A petitioner satisfie[s] the exhaustion requirement if: (1) he has fairly presented his federal claim to the highest state court with jurisdiction to consider it or (2) he demonstrates that no state remedy is available." *Johnson*, 88 F.3d at 829 (cleaned up). "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).

For non-capital cases in Arizona, a habeas petitioner presents his claim to the highest court by presenting it to the Arizona Court of Appeals in a direct appeal or through post-conviction relief. *See Kyzar v. Ryan*, 780 F.3d 940, 947 (9th Cir. 2015) (citing

*Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (per curiam)). To properly present claims before the Arizona Court of Appeals, the petitioner must include a description of "the operative facts and the federal legal theory on which his claim is based so the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Walden v. Shinn*, 990 F.3d 1183, 1196 (9th Cir. 2021) (quoting *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008)).

### C. Procedural Default

"Exhaustion and procedural default are closely related, but distinct, doctrines." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). A claim may be procedurally defaulted expressly or by implication. "An implied procedural bar . . . occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so." *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). Claims that are impliedly defaulted are also considered technically exhausted because the petitioner no longer has an available state remedy. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him."). Whereas, an express procedural default occurs when a claim is raised in state court, and the state court finds the claim is defaulted on state procedural grounds. *Id.* at 729-30. "The procedural bar on which the state court relies must be independent of federal law and adequate to warrant preclusion of federal review." *Martinez v. Ryan*, 926 F.3d 1215, 1224 (9th Cir. 2019).

A federal court may excuse default and consider a procedurally defaulted claim if the petitioner "demonstrate[s] cause for the default and actual prejudice." *Lee v. Thornell¸* 108 F.4th 1148, 1155 (9th Cir. 2024). "Cause is a legitimate excuse for the default, and prejudice is actual harm resulting from the alleged constitutional violation." *Guillory v. Allen*, 38 F.4th 849, 858 (9th Cir. 2022) (cleaned up). But "if a party fails to show cause for his procedural default, a court need not consider whether he suffered actual prejudice." *Id.* at 858-59 (quoting *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988)). A court

may also consider the merits of a procedurally defaulted claim if failure to do so would "result in a fundamental miscarriage of justice." *Lee*, 108 F.4th at 1155 (citing *Coleman*, 501 U.S. at 750). Generally, the miscarriage of justice exception "allows federal courts to excuse procedural default in the 'truly deserving' habeas petition where there is a showing of actual innocence." *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (citation omitted).

### III.  DISCUSSION

#### A.  General Objections

Petitioner raises several general objections that fail to meet the requirements of Federal Rule of Civil Procedure 72(b). A proper objection requires "**specific** written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). General objections are insufficient to trigger the Court's de novo review of the R&R. *See Augustiniak*, No. CV-18-03977-PHX-DWL, 2020 WL 1685556, at *2 (D. Ariz. Apr. 7, 2020) (stating that district judges do not need to review an objection to the R&R that is general and non-specific). Since a "de novo review of an entire R&R would defeat the efficiencies intended by Congress," a general objection and failure to object would have the same effect. *Warling v. Ryan*, No. 12-CV-01396-PHX-DGC (SPL), at *2 (D. Ariz. Sept. 19, 2013).

In his Objections, Petitioner generally argues:

> [He] has been deprived of his right to present his federal claims to the state courts, by no fault of his own . . . his sixth amendment right to effective assistance of counsel [was violated and] he was deprived of due process by prosecutorial misconduct, incompetent or ineffective defense lawyers and interference by state officials.

(Doc. 25 at 1, 2, and 7.) But Petitioner offers no citations to the record, nor does he identify which portion of the R&R he is objecting to. Thus, these general objections are insufficient to trigger the Court's de novo review of the R&R.

Further, Petitioner provides little to no detail regarding his objection to being sentenced for crimes in the wrong case. (Doc. 25 at 7.) Petitioner argues the Superior Court

improperly considered his prior conviction in New Hampshire when determining his sentence. (*Id.*) The Court disagrees. During trial, the State noted it was "willing to remove [Petitioner's prior conviction]." (Doc. 9-3 at 116.) In response, the trial judge said, "I'm happy to exclude the prior conviction given the question of the identity of who committed it . . . We're not going to consider any prior convictions." (*Id.* at 16-17.) This is confirmed in the R&R, which explained "the Superior Court excluded the prior felony conviction referenced in the plea agreement." (Doc. 17 at 4.) This objection is also overruled.

### B. Procedural Default

Petitioner objects to the R&R's finding that his claims are procedurally defaulted without excuse. (Doc. 25 at 3.) Specifically, Petitioner disputes the R&R's finding that he "did not raise his [claims] in his *pro se* PCR notice" (Doc. 17 at 15-18) and argues he was "not required to disclose specific grounds for relief until the PCR petition [was] filed" (Doc. 25 at 3). The Court agrees Petitioner was not required to make this disclosure in the notice form. *See generally* Ariz. R. Crim. P. form 24(b). This fact alone, however, does not relieve Petitioner of the requirement to exhaust his claims in state court.

"A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures." *Lee v. Thornell*, No.09-99002, 2024 WL 4363724, at *6 (9th Cir. Sept. 30, 2024). And "federal courts generally decline to hear any federal claim that was not presented to the state courts consistent with the State's own procedural rules." *McLaughlin v. Oliver*, 95 F.4th 1239, 1246 (9th Cir. 2024); *see also Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) (stating that when a prisoner fails to present his federal claim to the state court in accordance with state procedures, and the state would dismiss the claim on that basis, the claim is procedurally defaulted).

The R&R properly found that under Arizona procedure Petitioner is foreclosed from returning to state court to assert the claims in Grounds I-IV. Because Petitioner cannot return to state court to properly exhaust his claims, Grounds I-IV are implicitly procedurally defaulted. Further, Grounds II and III are expressly procedurally defaulted

because the Arizona Court of Appeals applied an express procedural—finding Ellsworth's "petition for review was untimely because it was not filed within 30 days of the Superior Court's final decision" pursuant to Arizona Rules of Criminal Procedure 32.16(a)(1) and 33.16(a)(1). (Doc. 9-2 at 120-21.) Petitioner does not specifically object to these findings.

For these reasons, the Court finds that all Petitioner's grounds are procedurally defaulted.

### C.    Cause and Prejudice Not Established

Petitioner objects to the R&R's finding that he failed to demonstrate cause and prejudice to excuse his procedural default. (Doc. 25 at 4.) Although lacking in clarity, Petitioner appears to argue cause and prejudice exist because "the Court and Court's staff" interfered with his ability to obtain the discovery necessary to file his PCR petition, which caused the Superior Court to deny his PCR petition. (*Id.*) Petitioner argues that because his discovery motion was pending, he could not comply with "the [PCR] rules, which required him to cite to relevant portions of the record to support his claims." (*Id.*) Similarly, Petitioner argues the State's failure to disclose *Brady* evidence violated his constitutional rights. (*Id.* at 4-6.) Petitioner fails to show cause and prejudice on both arguments.

Petitioner does not show cause for his failure to timely file a PCR petition. "[E]xistence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense" prevented the petitioner from complying with the State's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner has not made that showing. As the R&R recounts, Petitioner requested an extension to file his PCR petition pending a ruling on his first discovery motion, which the Superior Court granted—extending the filing deadline by 60 days. (Doc. 9-2 at 35, 36.) Petitioner then received notice that the clerk could not file his first discovery motion because it was "double-sided." (*Id.* at 140.) Petitioner never attempted to refile the first discovery motion in the correct format. Instead, he filed a second discovery motion relying on *Brady v. Maryland*, 373 U.S. 83 (1963), shortly before the new PCR petition deadline.[3]

---

[3] To the extent Petitioner objects to the R&R under *Brady v. Maryland*, this is not a proper objection. *Washington v. Schriro*, No. CV07-0008-PHX-JAT, 2008 WL 1836731, at *2

- 7 -

1  (*Id.* at 134-139.) Despite previously requesting an extension, Petitioner did not move for another extension, thereby allowing the deadline to file his PCR petition to lapse. Petitioner's neglect, not "some objective factor external to the defense" caused his claims to be defaulted. *Murray*, 477 U.S. at 488.

In any case, the Superior Court reviewed the Notice of Post-Conviction Relief and conducted an independent review of the record for any basis for post-conviction relief—finding no colorable claims. (*Id.* at 147.) Denying the request for PCR, the Superior Court concluded there were "no claims presenting a material issue of fact or law which would entitle the Defendant to relief under Rule 32/Rule 33 and no purpose would be served by any further proceedings." (*Id.*) Thus, even if Petitioner's discovery motion was timely received and granted, the Superior Court would have denied relief for failing to present a cognizable PCR claim.

The Court finds that, Petitioner failed to demonstrate cause and prejudice.

### D. Fundamental Miscarriage of Justice

Petitioner concludes his objections by claiming "he is actually innocent of the offenses he was compelled to plead guilty." (Doc. 25 at 7.) In federal habeas cases, "actual innocence" is not an independent constitutional claim, but rather, "*if proved*, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the AEDPA statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 383-84 (2013) (emphasis added). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998). To establish actual innocence, "[P]etitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner has not made that showing. Rather, he argues—without support—that if the facts were fully developed, then he would be found actually innocent. (*Id.*) Because Petitioner did not present any evidence of his innocence, Petitioner's objection is overruled.

---

(D. Ariz. Apr. 23, 2008), *aff'd sub nom.*, *Washington v. Ryan*, 405 F. App'x 242 (9th Cir. 2010).

All of Petitioner's objections are overruled, and the Court adopts the R&R's finding that Grounds I-IV are procedurally defaulted. (Doc. 17 at 18-19.)

### E. Respondent's Motion to Strike

The Court will address Respondent's Motion to Strike Petitioner's Sur-Reply. (Doc. 27.) Under the Local Rules of Practice, a party may move "to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). Sur-replies are "generally discouraged" and only allowed "in the most extraordinary of circumstances." *Mexicanos v. Diamondback Shooting Sports, Inc.*, No. CIV 22-472-TUC-CKJ, 2023 WL 4237495, at *1 (D. Ariz. June 28, 2023) (citing *Briggs v. Montgomery*, No. CV-18-02684-PHX-EJM, 2019 WL 13039282, at *2 (D. Ariz. Mar. 19, 2019)). Petitioner's Sur-Reply is "not provided for in the local rules of practice for this District" or the Federal Rules of Civil Procedure and is "only permitted with express leave of the Court." *Id.* Petitioner did not seek the Court's leave; therefore, his Sur-Reply is improper. The Court will grant Respondent's Motion to Strike. (Doc. 27.)

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Respondent's Motion to Strike (Doc. 27) is granted.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 17) is accepted.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is dismissed with prejudice.

**IT IS FURTHER ORDERED** denying the issuance of a certificate of appealability and leave to proceed in forma pauperis on appeal because Petitioner has not demonstrated that reasonable jurists could find the ruling debatable or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Neiss v. Bludworth*, 114 F.4th 1038, 1046-47 n.1 (9th Cir. 2024) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)); 28 U.S.C. § 2253(c).

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 6th day of November, 2024.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge